UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE K. BARRY, | ) Case No.: 1:20-cv-00619-BAM |
| Plaintiff, | ) |
| v. | ) **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Roxanne K. Barry ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 7, 9, 10.)

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for supplemental security income on November 8, 2016. AR 182-83, 184-85.[3] Plaintiff alleged that she became disabled on June 3, 2016,[4] due to fibromyalgia, chronic pain, rheumatoid arthritis, depression, hyponatremia, osteoporosis, spondylolisthesis, and anxiety disorder. AR 210-11. Plaintiff's application was denied initially and on reconsideration. AR 89, 101, 102-05, 109-13. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ William Kurlander held a hearing on January 17, 2019, and issued an order denying benefits on March 21, 2019. AR 18-32, 38-76. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 7-11. This appeal followed.

### Relevant Hearing Testimony

The ALJ held a video hearing on January 17, 2019, from Reno, Nevada. Plaintiff appeared in Bakersfield, California with her attorney, Marcos Rodriguez. Impartial Vocational Expert ("VE") Thomas Mitchell, Ph.D., also appeared. AR 39-40.

In response to questions from the ALJ, Plaintiff testified that she last worked on June 3, 2016, for Contra Costa Electric. She began there as a project administrator and then became the office manager in 2004. As the officer manager, Plaintiff's duties included reading contracts, notarizing documents, helping put together bids and billing, and performing accounts payable. She stopped working because of fibromyalgia issues. AR 46-47. She was exhausted; hurting all the time. She also was dizzy, with blurred vision, and could not concentrate. AR 48.

Plaintiff testified that she attends Al-Anon meetings three times a week. She also attends book study through Al-Anon. She has a driver's licenses and drives two to three times a week. In the year

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.
[4] Amended to April 10, 2017. AR 23.

prior to the hearing, she attended a group trip with Al-Anon to a beach. AR 53. Plaintiff testified that she is getting counseling at Kaiser Permanente, and she finds it beneficial. AR 60-53.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE, Dr. Mitchell. The VE testified that Plaintiff's past work as office manager was performed at the sedentary level and is skilled work, SVP-7. AR 68-70. The ALJ asked the VE hypothetical question. For the first hypothetical, the ALJ asked the VE to assume an individual of Plaintiff's age, education, and past work. The ALJ also asked the VE to assume an individual limited to work at the sedentary exertional level who could occasionally use ramps and stairs and could have no more than occasional exposure to temperature extremes, wetness, high humidity, and atmospheric irritants, such as dust, fumes, odors, and gases. This individual could not push or pull with the bilateral lower extremities and needed a cane to ambulate. The individual also could not work at exposed heights. There could be no more than occasional postural activity, no climbing of ladders, ropes, and scaffolds, and no more than occasional work around moving machinery. The individual also could be expected to be off task 5% of the time, because of pain and fatigue. AR 69-70.

The VE testified that Plaintiff's past work as an office manager would be available both as actually performed and normally performed. AR 70. The VE confirmed that his testimony regarding the use of a cane to ambulate and time off task was consistent with the Dictionary of Occupational Titles and consistent with his experience. AR 71. The answer would not change if the hypothetical individual needed a front-wheel walker to ambulate. AR 74. The VE confirmed that this testimony with respect to the four-wheel walker was based on his professional experience and training. AR 75.

Following the ALJ's questions, Plaintiff's counsel asked the VE to consider the first hypothetical and add that the person would have unexcused absences two times per month. The VE testified that this hypothetical person would be able to perform the work of an office manager. The VE also clarified that two is the maximum that an employer would tolerate and, for anything above that, the person would not continue in employment. AR 71-72.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 21-32. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 10, 2017, her amended alleged onset date. AR 23. The ALJ identified the following severe impairments: rheumatoid arthritis, fibromyalgia, chronic pain syndrome, disorder of the back, and asthma. AR 23-26. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 26.

Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except for the following limitations: could no more than occasionally use ramps and stairs, but never climb ladders, ropes, or scaffolds; could no more than occasionally perform postural activities; could have no more than occasional exposure to temperature extremes, wetness, high humidity, and atmospheric irritants, such as dust, fumes, odors, and gases; could not work at exposed heights; could not more than occasionally work around moving machinery; needed a cane to ambulate; could not push and/or pull with the bilateral lower extremities; and would be off task five percent of the time due to pain and fatigue. AR 26-31. With this RFC, the ALJ found that Plaintiff could perform her past relevant work as an office manager. AR 31. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 31-32.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the

4

evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[5]

Plaintiff argues that the ALJ failed to include Plaintiff's mild mental limitations in concentration, persistence, and pace and her mild limitation in interacting with others in the RFC assessment. Plaintiff asserts that this was error because the mild limitations may eliminate her past skilled work.

At step two of the sequential evaluation, the ALJ found that Plaintiff's mental impairments of depression, anxiety, posttraumatic stress disorder, and social anxiety disorder did not limit Plaintiff's ability to perform basic mental work activities and were not severe. AR 24. In considering the four broad areas of mental functioning, the ALJ determined that Plaintiff had only mild limitation in the ability to interact with other individuals and mild limitation in the ability to concentrate, persist, and maintain pace. AR 25.

---

[5] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

Plaintiff contends that the ALJ erred by failing to include these non-severe mental limitations in assessing her RFC and in the hypotheticals posed to the VE. Plaintiff submits that this alleged error is material because of the skilled nature of Plaintiff's past work. In support of his claim, Plaintiff relies upon *Hutton v. Astrue*, 491 Fed.App'x 850 (9th Cir. 2012). (Doc. 18 at 9.)

In *Hutton*, the ALJ determined at step two that the claimant's post-traumatic stress disorder ("PTSD") caused mild limitations in concentration, persistence, or pace, but was "nonsevere." *Hutton*, 491 Fed.App'x at 850. The ALJ subsequently excluded consideration of the claimant's PTSD in reaching the RFC because he determined that the claimant lacked credibility. In finding this error, the Ninth Circuit explained,

> Regardless of its severity, however, the ALJ was still required to consider Hutton's PTSD when he determined Hutton's RFC. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe[.]' "). The ALJ, however, failed to do so. Instead, the ALJ discredited Hutton, his treating physicians' opinions, and the VA's disability rating. We do not base our action, however, on any of these determinations by the ALJ. Importantly, the ALJ then mischaracterized Mr. Hutton's testimony at least five times. Finally, the ALJ concluded that, based on Hutton's lack of credibility, his PTSD claims were in "great doubt." On that basis, the ALJ excluded Hutton's PTSD from consideration. This exclusion was legal error.

*Hutton*, 491 Fed.App'x at 850. The Ninth Circuit indicated that to properly determine the claimant's RFC, the ALJ "was required to consider [the claimant's] physical impairments and the 'mild' limitations his PTSD caused with concentration, persistence, or pace." *Id.* at 850-51.

Courts in this Circuit "have followed *Hutton* and found reversible error where the ALJ failed to include mild mental limitations in the assessment of the RFC." *See George A. v. Berryhill*, No. 5:18-CV-00405-AFM, 2019 WL 1875523, at *5 (C.D. Cal. Apr. 24, 2019) (collecting cases). However, other courts "have found *Hutton* to be inapplicable where the record demonstrates that the ALJ considered a claimant's non-severe mental impairments before concluding that they did not cause any significant limitation necessitating inclusion in the RFC." *Id.*; *see also Frary v. Comm'r of Soc. Sec.*, No. 1:20-cv-00260-SAB, 2021 WL 540 WL 5401495, at *10-16 (E.D. Cal. Nov. 18, 2021) (discussing cases wherein district courts found the ALJ erred based on *Hutton* and the line of cases that distinguish *Hutton* and found no error); *Thompson v. Saul*, No. 1:18-cv-00137-BAM, 2019 WL 3302471, at *7

6

(E.D. Cal. Jul. 23, 2019) ("Courts in this Circuit 'have followed *Hutton* and found reversible error where the ALJ failed to include mild mental limitations in the assessment of the RFC,' while other courts 'have found *Hutton* to be inapplicable where the record demonstrates that the ALJ considered a claimant's non-severe mental impairments before concluding that they did not cause any significant limitation necessitating inclusion in the RFC.''), (quoting *George A.*, 2019 WL 1875523, at *5).

For example, courts in this district have found *Hutton* distinguishable where the ALJ found at step two that the claimant had nonsevere mental impairments and considered additional evidence related to the claimant's mental impairments elsewhere in the decision. *See Sanguras v. Saul*, No. 1:19-cv-1036 JLT, 2021 WL 973940, at *5 (E.D. Cal. Mar. 16, 2021); *Denney v. Saul*, No. 1:18-cv-00689-GSA, 2019 WL 4076717, at *7 (E.D. Cal. Aug. 28, 2019).  In *Sanguras*, the claimant asserted the ALJ erred by not considering the presence of a non-severe mental impairment in evaluating her RFC. *Sanguras* 2021 WL 973940, at *5.  The ALJ identified that the claimant had "'mild limitations in concentrating, persistence, or maintaining pace' and 'mild limitations in adapting or managing oneself'" at step two. *Id.*  However, the court determined that it was clear the ALJ considered evidence related to Plaintiff's mental impairments after step two. *Id.*  The court noted that the ALJ considered the claimant's activities of daily living and evidence concerning her ability to complete tasks and follow instructions.  The ALJ identified that Plaintiff was "able to prepare simple meals, do housework such as dishes, dusting, laundry and ironing, go outside, shop in stores and by computer, and socialize with others." (*Id.*)  The ALJ found some of the "mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." *Id.*  Based on this, the court concluded that the record did not support the claimant's assertion that the ALJ did not consider her nonsevere mental impairment in formulating the RFC. *Id.*

In *Denney*, the court noted the ALJ found at step two that any limitation resulting from Plaintiff's mental impairments alone was at most mild.  The ALJ gave little weight to the treatment records, finding that Plaintiff did not take prescribed anti-depressive medication. In addition, Plaintiff maintained activities of daily living that were inconsistent with a conclusion that her mental impairments severely impacted her functional abilities. *Denney*, 2019 WL 4076717, at *7.  The court

concluded that the ALJ did not err in addressing the claimant's mental impairments in great detail at step two and briefly at step four. *Id.*

Similarly, the ALJ here identified mild limitation in the ability to interact with other individuals and mild limitation in the ability to concentrate, persist, and maintain pace at step two of the sequential evaluation.  AR 25.  The ALJ gave little weight to the generalized statement from claimant's treating provider that the claimant's mental health impaired her ability to function at home and at work, finding that such opinions were "in direct conflict with the treatment notes [from] the same day that noted the claimant's mental status was grossly normal and the mental status evaluation of the claimant throughout the records." AR 25.  The ALJ also found these opinions inconsistent with the claimant's admitted activities of daily living, which included caring for herself and helping take care of her grandson, managing her finances, shopping online, socializing with friends, attending ALANON meetings, and driving.  AR 26.

Further, in formulating the RFC, the ALJ indicated that he considered the functional limitations resulting from all of Plaintiff's medically determinable impairments, including those that were nonsevere, AR. 26.  The ALJ also indicated that he considered "all symptoms" and their consistency with the objective medical evidence and other evidence. AR 27.  For example, the ALJ noted that Plaintiff was able "to help care for her three dogs, vacuum, do laundry, load and unload the dishwasher, [go out] alone, drive, shop online and in stores, manage her finances, sew, read, socialize with friends over the phone and lunch outings, and *get along with authority figures*." AR 27 (emphasis added), citing Ex. 4E and YF, p. 118).  The ALJ also cited Plaintiff's testimony that "she attended three ALANON meetings a week and had gone on an ALANON retreat to the beach." *Id.* Further, the ALJ noted that regarding her mental health, Plaintiff testified she was attending counseling and found it helpful.  She also testified that she helped care for her seven-month-old grandson.  AR 27.  The ALJ found that some of the "mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." AR 27.  As in *Sanguras* and *Denney*, it is evident that the ALJ considered evidence related to Plaintiff's mental impairments after step two, including her activities of daily living and evidence concerning her ability to get along with authority figures.  In this case, unlike *Hutton*, the

8

ALJ expressly considered Plaintiff's mental impairment in formulating his residual functional capacity. *See Frary,* 2021 WL 5401495, at *18 ("Unlike *Hutton*, the ALJ here did not expressly decline to consider Plaintiff's mental impairments and the ALJ's own finding of a mild limitation stemming from such.").

The omission of mental limitations from the RFC reflects the conclusion that the impairments would not interfere with the ability to perform basic work activities. *See Sanguras*, 2021 WL 973940, at *6. Only those limitations supported by substantial evidence must be included in hypothetical questions posed to vocational experts. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). Based on the determination that Plaintiff's nonsevere mental impairments did not require limitations in the RFC, the ALJ did not need to include any such limitations in the hypothetical questions posed to the vocational expert. *Id.* at *6 ("Because the ALJ determined Plaintiff's nonsevere depression did not require limitations in the RFC, the ALJ did not need to include mental limitations in the hypothetical questions posed to the vocational expert to determine Plaintiff's ability to perform work in the national economy.").

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Roxanne K. Barry.

IT IS SO ORDERED.

Dated: **March 16, 2022**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE